IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIC L. JOHNSON,

    Petitioner,

v.

                                                                                                                       No. 03-cr-477 MV-KK
                                                                                                                       No. 22-cv-006 MV-KK

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Eric Johnson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed January 3, 2022 (CV Doc. 1; CR Doc. 472)[1] (2022 Motion). Petitioner challenges his 2009 criminal sentence based on the term of supervised release. Because Petitioner has filed at least six prior § 2255 proceedings, the Court must dismiss the 2022 Motion as successive and for lack of jurisdiction.

**BACKGROUND**

On October 21, 2004, Petitioner pleaded guilty to possessing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. 144). The Court sentenced him to a 180-month sentence in prison. (Doc. 246 at 37, 40). Judgment was entered on January 26, 2009. (Doc. 224). Petitioner appealed, and the Tenth Circuit affirmed the convictions and sentence on May 19, 2010. (Doc. 256). The Judgment became final no later than August 18, 2010, the first business day following the expiration of the 90-day period to seek review

---

[1] All future record citations are to the criminal case, 03-cr-477 MV.

from the United States Supreme Court.  *See United States v. Prows,* 448 F.3d 1223, 1227 (10th Cir. 2006) ("In the context of the one-year limitation period for filing a § 2255 motion, a criminal conviction becomes final when the Supreme Court affirms it on direct review, denies certiorari, or (in the absence of a certiorari petition) the time for filing a certiorari petition expires.").

Between 2011 and 2016, Petitioner filed at least five motions under 28 U.S.C. § 2255 to vacate his sentence.  The first § 2255 motion was filed on January 12, 2011, and addressed ineffective assistance of counsel, prosecutorial misconduct, and Petitioner's inability to withdraw his plea.  (Doc. 257).  By an order entered October 17, 2012, the Court denied the first motion on the merits.  Thereafter, the Tenth Circuit affirmed.  (Doc. 278).

Petitioner filed the second § 2255 petition on November 6, 2013.  (Doc. 279, 280).  The Court dismissed it as successive, finding that it was not in the interests of justice to transfer the matter to the Tenth Circuit.  (Doc. 280 at 3).  Petitioner filed the third § 2255 motion in August of 2014, which was again dismissed for lack of jurisdiction.  (Doc. 283, 284).  The fourth § 2255 motion was filed and dismissed in 2015.  (Doc. 293, 297).  Petitioner filed the fifth § 2255 motion in 2016 and sought relief pursuant to *Johnson v. United States,* 135 S. Ct. 2551 (2015).  (Doc. 314).  For the first time, the Tenth Circuit granted permission to file a successive petition.  (Doc. 318).  However, the claim ultimately failed after the Supreme Court issued *Beckles v. United States,* 137 U.S. 886 (2017), and the Court dismissed the fifth successive habeas petition.  (Doc. 350).  Petitioner appealed the decision and filed several additional motions with the Tenth Circuit, seeking authorization to file a second or successive § 2255 motions.  The Tenth Circuit denied all requested relief.  (Docs. 353, 384, 387, 388, 406, and 419).

In 2017 and 2018, Petitioner filed a series of motions to amend or obtain post-judgment

relief, which primarily challenged his designation as a career offender. The Court dismissed any successive habeas claims and denied the remaining motions seeking non-habeas relief. Petitioner appealed the 2018 Ruling, and the Tenth Circuit affirmed on January 19, 2019. (Doc. 457). Petitioner filed additional Rule 60(b) motions in 2019 and 2020, which were denied by a Memorandum Opinion and Order entered December 23, 2020. (Doc. 464).

Petitioner filed the instant 2022 Motion on January 3, 2022. (Doc. 472). The 2022 Motion explicitly seeks relief under 28 U.S.C. § 2255. Petitioner alleges that his sentence is unfair based on the term of supervised release. The criminal Judgment provides that Petitioner must be on supervised release for three years. (Doc. 224). During that time, he is prohibited from possessing a firearm or similar weapon is required to cooperate in the collection of DNA; must submit to certain searches, and must complete a mental health treatment program. *Id.* Petitioner was recently released from prison and is serving his term of supervised release in the Central District of California. (Doc. 475). The 2022 Motion is ready for *sua sponte* review under Habeas Corpus Rule 4.

## DISCUSSION

As previously explained, federal district courts have jurisdiction over a defendant's first § 2255 motion. *See* 28 U.S.C. § 2255(h); *In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008). After that, the defendant must obtain authorization from the Tenth Circuit before filing a second or successive § 2255 motion in the district court. *Id.* The failure to obtain such authorization is a jurisdictional defect barring relief. *Id.* at 1251 ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 … claim until [the Tenth Circuit] has granted the required authorization.").

3

Where, as here, the defendant files a successive § 2255 motion without authorization, the district court has two options. The Court may transfer the matter to the Tenth Circuit "if it determines it is in the interest of justice to do so …, or it may dismiss the motion … for lack of jurisdiction." *Id.* at 1252. Factors to consider in evaluating a transfer include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251. To be meritorious, a second § 2255 motion must be based on newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h).

Petitioner does not point to any new evidence or Supreme Court law. Instead, he alleges that his supervised release is "constitutionally infirm" and that his right to receive a fair sentence "is violated by supervised release." (Doc. 472 at 4). These allegations provide insufficient factual detail to determine why Petitioner challenges his supervised release. Moreover, the 2022 Motion appears time-barred, since it was filed over a decade after entry of the original Judgment in 2009. *See* 28 U.S.C. § 2255(f) (§ 2255 motions must generally be filed within one year after entry of the criminal judgment). As to good faith, the Court has repeatedly explained to Petitioner the jurisdictional bar on successive habeas claims and has rejected at least six prior § 2255 motions filed by him. The Tenth Circuit has also warned Petitioner about filing additional habeas motions challenging his Judgment. (Doc. 433). The Court is therefore not persuaded that the Tenth Circuit would grant the required authorization if the 2022 Motion were transferred.

For these reasons, the Court must dismiss the 2022 Motion as successive and for lack of jurisdiction. The Court will also deny a certificate of appealability (COA) under Habeas Corpus

Rule 11, as the jurisdictional bar is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (COA can only issue where petitioner "demonstrates that reasonable jurists would find the district court's assessment … debatable or wrong").

**IT IS ORDERED** that Petitioner Eric Johnson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, filed January 3, 2022 (**CV Doc. 1; CR Doc. 472**) is **DISMISSED without prejudice** for lack of jurisdiction; a certificate of appealability is **DENIED**; and a separate judgment will be entered closing the civil habeas case.

_____
HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE